UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIMILDO MENDEZ ROBLERO (A-216-398-930),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-03876 DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Rudimildo Mendez Roblero (A-216-398-930), a native and citizen of Guatemala who is proceeding without counsel, has filed his third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE"). On June 10, 2026 and August 26, 2026, the district court denied petitioner's motions for a temporary restraining order and referred this matter to the undersigned for further proceedings. For the reasons that follow, the Court recommends that the petition be denied.

## I. BACKGROUND

Petitioner has filed three habeas petitions, which have all been related: No. 1:26-cv-01550

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

DC-CSK (E.D. Cal.) ("Mendez Roblero I"); No. 1:26-cv-03113 DC-CSK (E.D. Cal.) ("Mendez Roblero II"); and the instant action, No. 1:26-cv-03876 DC-CSK (E.D. Cal.) ("Mendez Roblero III"). (ECF No. 8.) The factual and procedural background previously presented in the district judge's prior orders are incorporated herein. (See Mendez Roblero I, 3/18/2026 Order (ECF No. 10); Mendez Roblero III, ECF Nos. 14, 21.)

In Mendez Roblero I, petitioner was represented by counsel and the district court granted petitioner's motion for a preliminary injunction in part, ordering the government to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). 3/18/2026 Order Mendez Roblero I (ECF No. 10 at 7-8). On May 5, 7, and 12, 2026, petitioner filed notices of voluntary dismissal of Mendez Roblero I, and the case was dismissed and closed. (Mendez Roblero I ECF Nos. 15-17.)

On March 23, 2026, petitioner was provided with a bond hearing before an immigration judge, who denied petitioner release. (ECF No. 20 at 4.) Petitioner filed an appeal of the immigration judge's order to the Board of Immigration Appeals. (Id.)

On April 24, 2026, petitioner filed pro se the Mendez Roblero II petition and another motion for a temporary restraining order. (Mendez Roblero II ECF Nos. 1, 2.) After the district court related Mendez Roblero II to Mendez Roblero I, petitioner filed a motion for voluntary dismissal on May 12, 2026, and Mendez Roblero II was dismissed and closed. (Mendez Roblero II ECF Nos. 10, 11.)

On May 20, 2026, petitioner filed pro se the Mendez Roblero III petition and another motion for a temporary restraining order. (Mendez Roblero III ECF Nos. 1, 2.) Respondent filed its opposition to the motion for a temporary restraining order and a motion to dismiss. (ECF No. 9.) On June 2 and June 4, 2026, petitioner filed oppositions to the motion to dismiss. (ECF No. 9.) Respondent did not file a reply. (See Docket.) On June 8, 2026, petitioner filed a memorandum in support of his petition, without leave of court.[2] (ECF No. 13.)

[2] The Court notes that petitioner has filed multiple and various motions and briefs, some which are duplicative and some without leave of court, such as filing two oppositions to the government's motion to dismiss. Filing duplicative motions and briefs imposes additional burdens on the court that has limited judicial resources.

On June 2, 2026, an immigration judge denied all of petitioner's applications for relief and ordered petitioner removed to Guatemala.[3] (ECF No. 11.)

On June 10, 2026, the district court denied petitioner's first motion for a temporary restraining order (ECF No. 2). (ECF No. 14.) The district court found that "To the extent Petitioner argues that the evidence submitted by Respondents at Petitioner's bond hearing was insufficient to warrant his continued detention, Petitioner must appeal that determination to the Board of Immigration Appeals before pursuing habeas relief. Loba L.M. v. Andrews, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ('Petitioner challenges the sufficiency of the evidence supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached... Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process.')." (ECF No. 14.) The district court denied the motion, holding that "Petitioner did not exhaust his administrative remedies before filing his Habeas Petition, and therefore Petitioner has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his constitutional or statutory rights." (ECF No. 14.)

On August 24, 2026, petitioner filed a first amended petition and a renewed motion for a temporary restraining order. (ECF Nos. 19, 20.) On August 26, 2026, the district court denied petitioner's renewed motion for a temporary restraining order. (ECF No. 21.) The district court noted that after the immigration judge denied petitioner release at his March 23, 2026 bond hearing and after the district court denied petitioner's first motion for a temporary restraining order:

> the Ninth Circuit has confirmed that noncitizens such as Petitioner are subject to discretionary detention under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Accordingly, to the extent Petitioner contends that changed circumstances warrant a renewed bond hearing, he is statutorily entitled to request such a

[3] The current status of any appeal of the immigration judge's removal order is unclear. Because neither party has indicated that petitioner is subject to a final removal order and mandatorily detained pursuant to 8 U.S.C. § 1231, the Court therefore assumes that petitioner remains detained pursuant to § 1226(a).

> hearing from an Immigration Judge without need for this court's intervention. 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

(ECF No. 21.) The district court held that "Petitioner has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his constitutional or statutory rights" and denied the renewed motion. (Id.)

Petitioner has filed multiple motions to expedite resolution of his habeas petition. (ECF Nos. 15, 18, 22, 23.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## III. DISCUSSION

Petitioner challenges his continued detention as prolonged in violation of the Fifth Amendment due process clause; as requiring a custody redetermination for materially changed circumstances; violating due process where he was re-detained with a pre-deprivation hearing; and as violation of "the Constitution and laws of the United States." (ECF No. 20 at 9-11.)

Though petitioner's length of detention has increased since the district court's denial of petitioner's second motion for a temporary restraining order in this action (Mendez Roblero III), the Court does not find a basis to depart from the district court's prior findings regarding petitioner's failure to exhaust his challenge to the immigration judge's denial of bond (ECF No. 14) and petitioner's ability to request a second bond hearing (a bond redetermination) based on materially changed circumstances (ECF No. 21) (citing and quoting 8 C.F.R. § 1003.19(e))). 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal

citation and quotation marks omitted). The court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

The district court's August 26, 2026 order also provided petitioner with the regulation for how to request a second bond hearing: "[petitioner] is statutorily entitled to request such a hearing from an Immigration Judge without need for this court's intervention. 8 C.F.R. § 1003.19(e) ('After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.')." (ECF No. 21.) Petitioner instead requests that the district court intervene, find materially changed circumstances, and either order a second bond hearing or release petitioner. Petitioner has failed to demonstrate, however, that seeking a bond redetermination would be futile. Under the circumstances of this case, this Court does not find a basis for disturbing the district court's exhaustion finding and agrees that petitioner should not be excused from exhausting administrative remedies as to the March 2026 bond hearing, and this Court finds that exhaustion should not be excused as to petitioner's ability to request a bond redetermination as the district court already found.

This Court therefore recommends that the petition for writ of habeas corpus be denied. Because the Court issues findings and recommendations on the petition's merits, the Court need not reach respondent's arguments that this third petition should be dismissed as successive and an abuse of the writ. (See ECF No. 9.)

## IV. MOTIONS TO EXPEDITE CONSIDERATION OF MERITS OF PETITION

Petitioner has filed multiple motions and requests to expedite the consideration of the merits of his petition. (ECF Nos. 15, 18, 22, and 23.) These motions are denied as moot because the instant findings and recommendations address the merits of the petition.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for a ruling and to

expedite proceedings (ECF Nos. 15, 18, 22, and 23) are denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF Nos. 1, 20) be denied.

2. Respondent's motion to dismiss (ECF No. 9) is denied as moot.

3. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/mend.III.3876.26.frs